STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

RYAN REZAEI (CABN 285133)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    ryan.rezaei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15-CR-00501-001 MMC |
|     Plaintiff, | |
|     v. | DETENTION ORDER |
| CLIFTON CHATMAN, | |
|     Defendant. | |

On April 11, 2016, the defendant Clifton Chatman was sentenced to 54 months imprisonment, to be followed by three years of supervised release, following his convictions for Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1), and Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. § 922(k) (Count 2). The defendant served his sentence and was released.

On October 19, 2020, the Honorable Maxine M. Chesney issued an arrest warrant based on a Form 12 petition alleging that the defendant, in summary, had committed the following five violations:

1. Probable cause to believe that the defendant violated special condition number one which states, in part, that he shall participate in a program of testing and treatment for drug abuse as directed by the probation officer.

2. Probable cause to believe that the defendant violated standard condition number three which states, in part, that he shall follow the instructions of the probation officer.

3. Probable cause to believe that the defendant violated standard condition number seven which states, in part, that he shall refrain from the use of a controlled substance except as prescribed by a physician.

4. Probable cause to believe that the person under supervision violated the mandatory condition that state he shall not commit another federal, states or local crime.

5. Probable cause to believe that the person under supervision violated the mandatory condition that states he shall not commit another federal, states, or local crime.

The defendant was arrested on the warrant that Judge Chesney had issued, and, on September 28, 2021, a detention hearing was held before the Honorable Sallie Kim. During the hearing, the defense explained that there was an incident in October 2020 where the defendant allegedly shot an individual. The defense argued that this incident was essentially irrelevant because the San Francisco District Attorney's Office had declined the case for prosecution. The defense also argued that the defendant was not a risk of flight: the defense acknowledged that the defendant had not been in touch with the United States Probation Office since October 2020 and that the defendant was aware that an arrest warrant had been issued, but the defense essentially argued that law enforcement must not have viewed the defendant as a risk of flight or danger to the community because otherwise law enforcement would have attempted to arrest him.

The government argued that the San Francisco District Attorney's Office decision to decline prosecution based on the October 2020 incident was irrelevant—that the facts, as evidenced by police reports and the probation officer's summary of her conversation with a San Francisco Police Department officer, still showed that the defendant (1) committed the federal crime of felon in possession of ammunition and a firearm (for which the defendant was previously convicted), and (2) shot a man. The government also argued, among other things, that the defendant was a risk of flight because of his failure to communicate with the U.S. Probation Office since October 2020, even though he knew that there was a warrant for his arrest.

Upon consideration of the proffers of the government and the defense and the presentation made

by U.S. Probation Officer Aldonza Leal, and for the reasons stated on the record, the Court determines that the defendant has not established by clear and convincing evidence that he is not a danger to any other person or to the community or that he is not a risk of flight. *See* Fed. R. Crim. Proc. 32.1.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. These findings are made without prejudice to defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to Title 18, United States Code, Section 3142(i), IT IS ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 28, 2021

THE HON. SALLIE KIM
United States Magistrate Judge